UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| SAMANTHA JOHNSON STEARNS, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>NANCY BERRYHILL )<br>Acting Commissioner of Social Security, )<br>)<br>*Defendant*. )<br>) | Case No. 1:15-cv-343<br><br>Judge Mattice<br>Magistrate Judge Steger |

# ORDER

On February 13, 2017, United States Magistrate Judge Christopher H. Steger filed his Report and Recommendation, (Doc. 17), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Steger recommended that (1) Plaintiff's Motion for Judgment on the Pleadings, (Doc. 12), be denied; (2) Defendant's Motion for Summary Judgment, (Doc. 14), be granted; and (3) the decision of the Commissioner be affirmed. (Doc. 17 at 1).

Plaintiff has filed timely objections to the Magistrate Judge's Report and Recommendation. (Doc. 18). Therein, Plaintiff, for the most part, reiterates arguments from her Motion for Judgment on the Pleadings regarding the Administrative Law Judge's allegedly improper weighing of the medical opinion of Plaintiff's treating physician. (*Id.* at 4–10). The Court has conducted a review of the Report and Recommendation, as well as the record, and it agrees with magistrate Judge Steger's well-reasoned conclusions for the reasons stated herein. Accordingly, the Court will **ACCEPT and ADOPT** Magistrate Judge Steger's Report and Recommendation, (Doc. 17), Plaintiff's Motion for Judgment on the Pleadings, (Doc. 12), will be **DENIED**,

Defendant's Motion for Summary Judgment, (Doc. 14), will be **GRANTED** and the Commissioner's decision will be **AFFIRMED**.

## I.  BACKGROUND

Plaintiff filed an application for disability insurance benefits on August 17, 2011, alleging a disability onset date of July 31, 2008 "due to chronic pain, fatigue, and cognitive defects – all symptoms caused by her fibromyalgia." (Doc. 13 at 1). After conducting a hearing on April 8, 2014, Administrative Law Judge ("ALJ") Jeannie S. Bartlett denied Plaintiff's application, finding that she was "capable of performing a reduced range of sedentary work." (*Id.* at 2). After the ALJ's decision became final, Plaintiff appealed to this Court on December 16, 2015. Pursuant to a standing order of the court, this matter was referred to Magistrate Judge Steger to issue a Report and Recommendation.

In Plaintiff's Motion for Judgment on the Pleadings, (Docs. 12, 13), Plaintiff argued that (1) "[t]he ALJ erred in assigning only 'minimal weight' to the opinion of treating specialist, Dr. Eugene Huffstutter, choosing to rely on the opinions of non-examining Agency physicians instead;" and (2) "[t]he ALJ's Decision errs by finding Plaintiff's subjective pain complaints not credible due solely to her reported daily activities."[1] (Doc. 13 at 2). On February 13, 2017, Magistrate Judge Steger issued a thorough Report and Recommendation rejecting Plaintiff's arguments and finding that the ALJ's decision was supported by substantial evidence in the record. (Doc. 17 at 16–17). Plaintiff filed timely objections to the Report and Recommendation on February 27, 2017. (Doc. 18). Defendant has filed a response to Plaintiff's Objections, (Doc. 19), and this matter is now ripe for review.

---

[1] Plaintiff did not object to Magistrate Judge Steger's finding that there was no error in the ALJ's credibility determination.

## II. ANALYSIS

Plaintiff raises two broad objections, the upshot of which is that the ALJ erred in assigning "little weight" to Dr. Huffstutter's opinion. Plaintiff believes that because Dr. Huffstutter was her treating physician, the ALJ should have afforded more weight to his finding that she was disabled. (Doc. 18 at 4–8). More specifically, she claims that "[t]he ALJ's stated reasons for rejecting Dr. Huffstutter's opinion are erroneous," and that "[t]he ALJ erred in preferring the opinion of a physician who did not examine Ms. Stearns, did not have access to all the relevant medical evidence, and who is not a specialist in the relevant medical condition." (*Id.* at 4).

Plaintiff makes several sub-arguments within these objections, which can be grouped into two categories.[2] The first category of objections consists of arguments that have already been presented to, and rejected by, the Magistrate Judge. First, Plaintiff sets forth the standard for the "treating physician rule," which states that "the opinion of a treating physician is entitled to substantial deference . . . if it is supported by sufficient medical data," and is not inconsistent with other substantial evidence in the record. *Shelman v. Heckler*, 821 F.2d 316, 320–21 (6th Cir. 1987); *see also* 20 C.F.R. § 404.1527. Second, she argues that the ALJ mischaracterized Plaintiff's reported daily activities, and that the ALJ impermissibly found that her ability to engage in certain activities meant that she was capable of performing sedentary work. (Doc. 18 at 7). Third, she argues that the ALJ erred in finding that Dr. Huffstutter's opinion was internally inconsistent. (*Id.* at 7–8). Fourth, she claims that the ALJ should not have credited the opinion of a state agency non-examining medical consultant. (*Id.* at 8–9). Finally, Plaintiff argues that the ALJ should have given more credit to Dr. Huffstutter's

---

[2] For organizational purposes, the Court will discuss Plaintiff's arguments in a different order than they appear in her Objections.

opinion than that of the state agency non-examining consultant because Dr. Huffstutter is a specialist in the field of rheumatology. (*Id.* at 9–10).

All of these arguments, however, are not properly before the Court, as they are merely restated from Plaintiff's Motion for Judgment on the Pleadings and Plaintiff's response in opposition to Defendant's Motion for Summary Judgment. (*Compare* Doc. 13 and Doc. 16 *with* Doc. 18); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). This deficiency is underscored by the fact that Plaintiff's objections repeatedly discuss errors made by the ALJ, rather than errors made by the Magistrate Judge in his Report and Recommendation. (*See generally* Doc. 18). Because Plaintiff's restated arguments outlined above are not proper objections within the context of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), they will be **OVERRULED**.

Plaintiff's second category of objections suffers from the opposite problem—they were never raised before Magistrate Judge Steger. First, Plaintiff argues that the ALJ erred in discrediting Dr. Huffstutter's opinion because it was not supported by objective medical evidence. Fibromyalgia, Plaintiff argues, "cannot be confirmed by objective tests." (Doc. 18 at 6); *see also Preston v. Sec'y of Health and Human Servs.*, 854 F.2d 815, 817–18 (6th Cir. 1988) ("In stark contrast to the unremitting pain of which fibrositis patients complain, physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and

4

neurological reactions."). Second, Plaintiff claims that the ALJ erred in crediting the opinion of the state agency non-examining consultant because she did not have access to all of Plaintiff's medical records. (Doc. 18 at 9).

Whatever their merit, the Court cannot consider these arguments, as they were never raised before the Magistrate Judge. Accordingly, these objections are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.") (citations omitted). Because Plaintiff has failed to provide the Court with any reason, let alone compelling reasons, that her arguments should be considered for the first time by the District Court, these waived objections will be **OVERRULED**. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

Despite these procedural shortcomings, the Court has conducted a review of the record, and it agrees with Magistrate Judge Steger's conclusion that the ALJ's decision to discredit Dr. Huffstutter's opinion was supported by substantial evidence. (Doc. 17 at 13). Specifically, the ALJ found that

> I give minimal weight to Dr. Huffstutter's opinion as his narrative limitations and checkbox opinions are somewhat inconsistent with each other, and not supported by the objective medical evidence or her reported activities. The evidence shows complaints of pain, yet adequate functional abilities with regard to range of motion, sensation, motor functioning, and balance. At one time, she even described her pain as mild . . . It also shows improvement in her symptoms with medication (Lyrica). Lastly, [Plaintiff's] activities, including using a treadmill, doing water exercises, and light housework are not consistent with such a restrictive assessment.

5

(Doc. 8 at 28). The Court finds that, even setting aside the consideration of the internal inconsistency of Dr. Huffstutter's opinion, the ALJ's discussion of Plaintiff's daily activities, as well as the improvement of her condition with medication, constitute "good reasons" for not giving controlling weight to Dr. Huffstutter's medical assessment, as required by the treating physician rule. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) ("The Commissioner is required to provide 'good reasons' for discounting the weight given to a treating-source opinion."). Accordingly, because the ALJ's opinion is supported by substantial evidence in the record, Plaintiff's objections are without merit.

## III. CONCLUSION

For the reasons stated herein:

- The Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Steger's findings of fact, conclusions of law, and recommendations, (Doc. 17), pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b);

- Plaintiff's Objections, (Doc. 18), are hereby **OVERRULED**;

- Plaintiff's Motion for Judgment on the Pleadings, (Doc. 12), is hereby **DENIED**;

- Defendant's Motion for Summary Judgment, (Doc. 14), is hereby **GRANTED**; and

- The decision of the Commissioner is hereby **AFFIRMED**.

A separate judgment will enter.

**SO ORDERED** this 21st day of March, 2017.

                                               */s/ Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                               UNITED STATES DISTRICT JUDGE